The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion on the following question:
 Is it required by State law for the salaries of Mayor, City Attorney, City Clerk, and City Treasurer in a city of the 1st class to be set by ordinance or can these salaries be set by the city's budget which is not passed by an ordinance?
RESPONSE
State law expressly provides that the city attorney and the city clerk "shall . . . receive such salary as is prescribed by ordinance. . . ." A.C.A. § 14-43-313 (Repl. 1998) (emphasis added); see also A.C.A. §§14-43-316 and -410 (Supp. 2001). With regard to the city treasurer, you have not stated whether your question pertains to an elected or an appointed office. See A.C.A. § 14-43-405 (Supp. 2001) (authorizing cities of the first class with the mayor-council form of government to provide for the election or appointment of its city treasurer). Following its amendment in 2001, Section 14-43-316, which applies to mayor-council cities under 50,000, provides that an elected city treasurer "shall receive a salary as is prescribed by ordinance." A.C.A. § 14-43-316(c) (Supp. 2001) (emphasis added).
It thus seems clear that the salaries of the city attorney, city clerk, and elected city treasurer must be set by ordinance. There is no similar ordinance requirement, however, with respect to the mayor or an appointed city treasurer. Arkansas Code Annotated § 14-43-409 (Repl. 1998) provides generally that "[a]ll officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate. . . ." But this provision does not specify the particular mode or form by which the salary must be designated.[1] See also Ark. Const. amend. 56, § 4 (establishing the general requirement that the "[c]ompensation of municipal officers and officials shall be fixed by the governing body of the municipality, not to exceed limits which may be established by law.")
It is my opinion, in the absence of a statute expressly providing otherwise, that the salaries of the mayor and an appointed city treasurer are not required to be set by ordinance and can be set by the city's budget. This office has previously opined, and I agree, that the city council does not have to pass its budget by ordinance. Op. Att'y Gen.2001-230. The budget is adopted by the council on an annual basis, and the approval of the budget amounts to an appropriation of funds for the items included therein. A.C.A. §§ 14-58-201 to -203. I find nothing prohibiting the council from setting the salaries of these officials through a budgetary appropriation. In my opinion, this would satisfy the requirement that the compensation be fixed by the council. Ark. Const. amend. 56, § 4; A.C.A. § 14-43-409.[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although it has been stated in two previous Attorney General Opinions, both citing A.C.A. § 14-43-409, that the compensation of city officials must be set or designated "by city ordinance" (Ops. Att'y Gen.90-166 and 99-129), the central issue in these opinions did not involve the precise method by which the city council must designate the compensation. Accordingly, while I would express my disagreement if these opinions were on point, I do not interpret them as addressing the question you have raised.
[2] It should perhaps be noted, however, that regardless of the form or method, the action of the city council in setting the salaries of the mayor and appointed city treasurer will, in my opinion, be legislative in character and thus subject to the power of referendum under Amendment 7
to the Arkansas Constitution. Cf. Op. Att'y Gen. 99-159 and 97-109.